SIDNEY C. SCHRAMME, on Behalf of Himself and All Other Stockholders of the INWOOD LAND & IMPROVEMENT COMPANY, INC., Similarly Situated, Respondent, *v.* ALBERT A. COWIN and Others, Individually and as Officers and Directors of the INWOOD LAND & IMPROVEMENT COMPANY, INC., and Another, Appellants.

First Department, April 6, 1923.

Corporations — increase of capital stock to pay debts — minority stockholder who is financially unable to purchase his pro rata share has no · cause for complaint — corporation has right to allow stockholders to purchase shares not purchased by other stockholders — bad faith not shown by fact that some of creditors are stockholders.

A minority stockholder cannot have the corporation restrained from issuing shares representing an increase in the capital stock, on the ground that he is financially unable to purchase his *pro rata* share, where the increase was legally

authorized and was made for the purpose of raising money to pay corporate debts.

Such stockholder is not aggrieved by the act of the corporation in providing that any of the stockholders may purchase at par any shares not purchased by another stockholder under his right of participation.

Bad faith was not shown in the increase of the capital stock by the fact that some of the creditors of the corporation whose debts were to be paid in part from the avails of the increased capital stock were stockholders of the corporation, since it appears from the facts presented that all the creditors, including the stockholder creditors, agreed to forbear enforcing their claims on receipt of a part payment thereof.

APPEAL by the defendants, Albert A. Cowin and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of January, 1923, granting plaintiff's motion for a temporary injunction.

*Schavrien & Cohen* [*Frank C. Laughlin* of counsel], for the appellants.

*Francis S. McAvoy* [*William B. Durkin* of counsel], for the respondent.

PAGE, J.:

The court at Special Term has granted an injunction *pendente lite* in the following terms:

" * * * during the pendency of this action the defendants, Albert A. Cowin, Charles M. Cohen and Isaac V. Schavrien, individually and as officers and directors of the Inwood Land & Improvement Co., Inc., and the Inwood Land & Improvement Co., Inc., and each of them, and their and each of their agents, attorneys and servants and officers, be, and they hereby are, and each of them is enjoined and prohibited from making, selling or putting up for sale any increase of capital stock of the defendant corporation, Inwood Land & Improvement Co., Inc., or in any way issuing any shares of capital stock of the defendant corporation, Inwood Land & Improvement Co., Inc., whereby the capital stock of the said Inwood Land & Improvement Co., Inc., would in any way, manner or form be increased and that the *status quo* be maintained until the trial of this action upon filing of an undertaking in the sum of $2,000."

The plaintiff is a minority stockholder in the Inwood Land & Improvement Company, Inc., whose sole assets are 300 vacant lots in the Inwood section of the borough of Manhattan. The company derives an income of only about $1,500 a year, as a result of which taxes have remained unpaid, and the company has from time to time borrowed money on notes and mortgages,

so that at the time the action was brought there was an indebtedness of $153,306.07. Of the $106,000 of mortgages the majority stockholders hold $71,000, which are long past due and foreclosure actions have been commenced. A mortgage to secure $35,000 is held by a title company and a note of the corporation aggregating $44,506.37 is past due. In this situation the corporation resolved to increase its capital stock by $50,000 and a resolution was adopted at a meeting of the board of directors, the plaintiff voting in opposition, as follows:

" Whereas, the Inwood Land & Improvement Co., Inc., has obligations amounting to approximately $50,000, which obligations are due and past due; and

" Whereas, certain actions have been threatened against the company; and

" Whereas, the company has no money in its treasury; and

" Whereas, the company through its directors can make no loans after repeated attempts;

" *Therefore,* be it resolved that the secretary of the Inwood Land & Improvement Co., Inc., be authorized to call a stockholders' meeting for the purpose of increasing the capital stock of the company by $50,000, said stock to be valued as the original stock of said corporation, to wit, the sum of $20 per share, and that 2,500 shares be authorized and be sold by said corporation; and it is

" *Further Resolved,* that the stockholders of said corporation be and the same hereby are permitted to purchase the proportionate share of their holdings in accordance with the new issue."

A special meeting of the stockholders for the purpose of increasing the capital stock was held May 25, 1922, in pursuance of the statutes and the by-laws of the corporation. At such meeting the resolution to increase the capital stock from $30,000 to $80,000 was duly adopted. On June fourteenth the certificate of the proceedings of this meeting was duly filed, as required by statute, and the plaintiff concedes in his affidavit that the defendant directors and corporation and the other stockholders have complied with the provisions of the Stock Corporation Law of the State of New York which governs the increase of capital stock of corporations. On June nineteenth a resolution was adopted to send a notice to each of the stockholders affording them an opportunity to subscribe for and purchase his *pro rata* share of the increased capital stock of this corporation, and that such subscriptions shall be received at the office of the corporation in writing and accompanied by cash or a certified check for such subscription on or before June 30, 1922, at two P. M. The resolution

further provided that any stock not subscribed for might be thereafter subscribed for by any stockholder at par. On June twentieth a copy of this resolution was sent to each of the stockholders. On June 29, 1922, plaintiff obtained an order to show cause why an injunction should not be granted in the terms in which the temporary injunction was granted.

The plaintiff claims that this procedure on the part of the majority stockholders is for the purpose of depleting his interest in the corporation because, he states, it is well known to the others that he has not the means to buy his *pro rata* share.

On complying with the provisions of the Stock Corporation Law (§§ 62, 63; Id. § 64, as amd. by Laws of 1913, chap. 305) the corporation had the right to increase its capital stock, and while the statute is silent on the subject, the courts have recognized the inchoate right of each stockholder, where the increase is for cash, to his proportionate share of the new stock, provided he was ready to pay the price fixed by the stockholders. While the corporation cannot compel the stockholder to take the stock at any price, it must give him an opportunity to get his proportionate share at the price fixed by the stockholders, which cannot be less than par. If the stockholder is not so situated as to take and pay for the stock himself, he is entitled to sell the right to any one who can. (*Stokes* v. *Continental Trust Co.*, 186 N. Y. 285; *Conklin* v. *United Construction & Supply Co.*, 166 App. Div. 296; *Noble* v. *Great American Ins. Co.*, 200 id. 773; *Hoyt* v. *Great American Ins. Co.*, 201 id. 352.)

Furthermore, the plaintiff complains of the provision that allows the stockholders to purchase at par any shares not purchased by any stockholder under his right of participation. He is not aggrieved by this disposition of the surplus stock. It is to be sold at the same price at which he could take his proportionate share, and if he exercises his right to subscribe or sells his right to another, the stock to be sold will not be anything which he otherwise would be entitled to receive. Some disposition must be made of the stock not taken under the right of participation, and the stockholders have a right to fix the terms of subscription and distribution of the stock not subscribed for to suit themselves, and as they desire, for the best interest of the corporation which they own, subject only to the right of each stockholder to a *pro rata* participation in the increase.

The learned justice at Special Term found evidence of bad faith in the fact that some of the bond and mortgage indebtedness was owed to some of the majority stockholders. It appears, however, from the papers on appeal that all that the mortgagees who have commenced foreclosure actions are requiring to be paid

is the past due interest and taxes up to date, and then the time for payment will be extended one year. Also that the holder of the past due promissory note of the company for over $44,000 agrees to accept part payment and extend the time for payment of the balance.

That some portion of the avails of the increased capital will be used to pay honest obligations of the company, even if to some extent those obligations are owed to stockholders other than this plaintiff, shows no lack of good faith, and the facts as stated in the affidavit show forbearance and consideration on the part of the creditors and a disposition to assist the corporation.

The property of the defendant corporation is unproductive real estate, held either for improvement or profitable sale, and money must be raised to meet pressing debts and to prevent a foreclosure of mortgages and sale of the premises. The stockholders in a duly called meeting, have voted to increase the capital stock in the manner required by law, on terms that protect every stockholder in his right to participate. The method to be adopted to raise the needed funds is a matter peculiarly within the discretion of the stockholders, and so long as the rights of the minority are protected, the courts should not interfere.

The order should be reversed, with ten dollars costs and disbursements, the injunction *pendente lite* vacated, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, the motion denied, with ten dollars costs, and the injunction vacated.